510  NEW JERSEY MISCELLANEOUS REPORTS.

Supreme Court—Everett W. Cox Co. v. State Highway Commission.

EVERETT W. COX COMPANY, PROSECUTOR, v. STATE HIGHWAY COMMISSION OF STATE OF NEW JERSEY AND THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENTS.

Submitted January 29, 1926—Decided May 4, 1926—Filed May 19, 1926.

State Highways—Condemnation of Land—Prosecutor Owned Land Needed for State Highway—It Alleged the Land was to be Given to Jersey City in Exchange for Another Highway, and That the Power of Condemnation Did Not Include Such a Transaction—Highway Commission Has Power to Build Any Kind of Thoroughfare it Desires, Taking the Land in Question is Not Doing More Than Commission is Authorized to do—Question of Taking Land Already Devoted to Public Use Not Raised Here, Since Jersey City is Not Objecting—State Commission Has Full Power to Condemn Land for Highway Purposes.

On writ of *certiorari* to the clerk of Hudson county.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Mark Townsend, Jr., George B. Sleigh* (*Harry Lane,* of counsel).

For the respondents, *Mark A. Sullivan.*

For the state highway commission, *Thomas J. Brogan,* corporation counsel for Jersey City.

PER CURIAM.

This case is before this court on a writ of *certiorari* directed to the clerk of the county of Hudson. The writ was allowed to review an order appointing commissioners for the condemnation of lands located in the city of Jersey City, belonging to the Everett W. Cox Company. The condemning party is the state highway commission.

The prosecutor is in possession of a parcel of land bounded by Collard street, Hopkins avenue, Bevan street and Underwood Terrace. It is the owner of a portion of the tract and has a long-term lease on the remainder. The prosecutor is making improvements upon the land in question involving an expenditure of $175,000. The state highway commission instituted the proceedings for the purpose of acquiring a strip of this land thirty-nine feet in width for a distance of two hundred and sixty-six and sixteen hundredths feet along Underwood place, which is the street on the southerly side of said property.

The condemnation proceeding is taken in connection with the building of the approaches to the vehicular tunnel. The commission claims that the land will be a part of the state highway's route No. 1. Accompanying the state of the case is a map which shows with great detail the plans of the state highway commission. The approaches to the tunnel are to be surface, depressed and overhead. The overhead approach is nearest to the tunnel entrance, and will extend from Jersey avenue to Paterson avenue. There will be depressed approaches and surface approaches which at certain places will be connected by ramps. The route was settled by a resolution passed by the state highway commission. The resolution designating the route at the point where the prosecutor's property abuts Underwood place reads as follows: "From the easterly side of Oakland avenue to the westerly side of Bevan street the right of way will be seventy [70] feet width, of which thirty-four [34] feet will be on the southerly side of the center line of location and thirty-six [36] feet will be on the northerly side. From Bevan street to Collard street the right of way will continue as above, namely, seventy [70] feet in width, but there will be required, in addition, on the northerly side through the block between Bevan and Collard streets, an additional width of forty [40] feet from a street at, approximately, the present level of Underwood place."

Two grounds for setting aside the order are urged by the prosecutor. The first is that the state highway commission

has no power to take the land of the prosecutor by condemnation, as the property to be taken is not to be used as a part of the state highway route No. 1, but is to be used as a street of the city of Jersey City. Abutting the property of the prosecutor on the south is a street known as Underwood place. A portion of Underwood place is to be taken by the state highway commission and used as a depressed thoroughfare. In the opinion of the commission traffic will demand at this point and alongside of the depressed thoroughfare a surface roadway. The prosecutor's land is to be taken for this surface roadway. The contention of the prosecutor is that the state highway commission is to make an exchange with Jersey City. The present Underwood place is to be created by the state highway commission by this proceeding and given to Jersey City in exchange for the portion of the present Underwood place taken by the state highway commission. The difficulty with this argument, in the first place, is that it is not substantiated by facts. The state highway commission can build any kind of a thoroughfare it desires. In the present undertaking it is going to erect a viaduct, depressed thoroughfares and surface thoroughfares connecting the two latter by the various methods shown on the plans. If the state highway commission is of the opinion, and it has so said by its resolution, that it is necessary between Bevan street and Collard street to have both a surface and depressed thoroughfare, this is a matter within the discretion of the commission. This court has no power to set aside the judgment of the state highway commission that the number and character of the thoroughfare as outlined in said resolution are necessary.

The prosecutor next argues that the testimony of Major Sloan, the state highway engineer, bears out its contention. Major Sloan's testimony is to the effect that they are taking this strip of the prosecutor's land to replace the present Underwood place. Assuming this is so, it is not carrying out anything more than that which the state highway commission is authorized to do. What has been done by the commission is to exercise the power given it by the state.

Under this point the prosecutor contends that the city of Jersey City has a right to prevent the taking of Underwood place by the state highway commission under the doctrine that property already devoted to the public use cannot be taken for another public use without legislative authority expressly given or implied. We do not think it is necessary to discuss this question, because the city of Jersey City is not making any such contention, and the prosecutor is not standing in the shoes of Jersey City in this matter, assuming there is merit in the contention.

The next point argued by the prosecutor is that the state highway commission has no power to condemn lands under the Eminent Domain act for the construction of a state highway. The argument is that the state highway commission has only the power to widen, straighten and regrade any state highway. This argument does not impress us, because among the powers given by chapter 226 of the laws of 1919 the state highway commission is given power "to do and perform whatever may be necessary or desirable to effectuate the object and purpose of the act." It further provides that these powers are to be liberally construed. In order to effect the purpose of the act for the building of state highways the exercise of the power of eminent domain is absolutely necessary. If this were not the law then a single individual could hold up a state project. In the original act (chapter 15 of the laws of 1917) the general power to condemn was given. This act further provided that the work of the department shall be performed under the state highway commission, which shall have all power necessary therefor without recital in detail.

The order appointing commissioners to condemn the lands of the prosecutor is affirmed.